NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LAQUAN LAMONT KEARNEY,                :
                                      :  Civil Action No. 13-3243 (CCC)
                  Petitioner,         :
                                      :
        v.                            :            **OPINION**
                                      :
UNKNOWN WARDEN,                       :
                                      :
                  Respondent.         :

**APPEARANCES:**

> LAQUAN LAMONT KEARNEY, Petitioner *pro se*
> #830556/720573C
> Northern State Prison
> 168 Frontage Road, P.O. Box 2300
> Newark, New Jersey 07114

**CECCHI**, District Judge

Petitioner LaQuan Lamont Kearney ("Petitioner"), a convicted state prisoner presently confined at the Northern State Prison in Newark, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his New Jersey state court judgment of conviction entered in June 2013. For the reasons stated herein, the Petition is dismissed without prejudice for failure to exhaust state court remedies.

## I.   BACKGROUND

On April 23, 2013, Petitioner submitted a letter application for habeas relief in the United States District Court for the Western District of Missouri.  (Docket # 1.)  By Order entered on May 2, 2013, the Honorable Gary A, Fenner, U.S.D.J., construed Petitioner's application as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and ordered the Clerk to provide Petitioner with the necessary forms for both habeas relief under § 2254 and for proceeding *in forma pauperis*.  (Dkt. # 2.)  Petitioner submitted his petition for habeas relief on the court-approved court form for § 2254 actions on May 13, 2013.  (Dkt. # 3.)  He also submitted an IFP application that same date.  (Dkt. # 4.)

By Order entered on May 15, 2013, this case was transferred from the Western District of Missouri to this District Court for all further proceedings.   On May 29, 2013, this Court administratively terminated the action because Petitioner's IFP application was deficient.  The Order allowed Petitioner to have his case re-opened upon submission of a complete IFP application or the requisite $5.00 filing fee.  (Dkt. #7.)  Petitioner filed a complete IFP application on June 12, 2013, and it appears that he qualifies for indigent status.  (Dkt. # 8.)  Accordingly, the Court will direct the Clerk of the Court to re-open the case,

and the Court will grant Petitioner's application to proceed as an indigent in this matter.

In his habeas petition, Petitioner states that he was convicted by a jury trial, on February 15, 2013, in the Superior Court of New Jersey, Law Division, Union County, on various charges of assault and burglary. (Dkt. # 3, Petition at ¶¶ 1-6.) Petitioner also alleges that he was awaiting his sentencing date at the time he filed this habeas petition. (*Id.*, ¶ 3.)

Petitioner states that he filed an appeal with the Superior Court of New Jersey, Appellate Division, to which he is still awaiting the result. (*Id.*, ¶ 9.) He further alleges that he has filed complaints against both his public defender and the trial judge before the Supreme Court of New Jersey's Office of Attorney Ethics and the Advisory Committee on Judicial Conduct, asserting that he was denied his right to a speedy trial. These ethics complaints also are pending. (*Id.*, ¶¶ 9g, 11.)

The habeas petition appears to assert claims of ineffective assistance of counsel, denial of his right to a speedy trial, and failure to have a pre-arraignment hearing giving him notice of his rights and the criminal charges against him. (*Id.*, ¶ 12.)

## II.   DISCUSSION

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or ... circumstances exist that render such process ineffective."   28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Heleva v. Brooks*, 581 F.3d 187, 190 (3d Cir. 2009).   The courts of a state must be afforded the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.   *See Roman v.. DiGuglielmo*, 675 F.3d 204, 209 (3d Cir. 2012); *see also Rose*, 455 U.S. at 516–18; *Leyva v. Williams*, 9504 F.3d 357, 366 (3d Cir. 2007).   Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.   *See Rose*, 455 U.S. at 519; *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

Further, to satisfy the exhaustion requirement, a petitioner must fairly present all of his federal claims to the state's highest court before proceeding in federal court.   *Rolan v. Coleman*, 680 F.3d 311, 317 (3d Cir. 2012); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the

4

meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented"). The petitioner bears the burden of proving all facts establishing exhaustion. *See* *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993).

In this case, the petition shows that, at the time Petitioner submitted his application for habeas relief on May 13, 2013, Petitioner was not yet sentenced. (Petition at ¶ 4.) He was found guilty by jury trial, which rendered a verdict on February 15, 2013. (*Id.*, ¶ 2.) Petitioner was sentenced only recently, on June 14, 2013.

Moreover, the petition shows that Petitioner filed an appeal before the Appellate Division before he was sentenced, and Petitioner admits that this appeal is still pending decision. While it is not entirely clear that the appeal he allegedly filed is a direct appeal from his conviction and sentence, it is plainly evident that state court remedies have not yet been exhausted on the issues Petitioner seeks to raise in this federal habeas application. In addition, the ethics violations Petitioner filed against both his public defender and the trial judge before the Supreme Court of New Jersey, Advisory Committee on Judicial Conduct and the Office of Attorney Ethics, do not constitute proper exhaustion under § 2254(b)(1)(A),

because these alleged ethics violations are not challenges to his conviction or sentence. Moreover, these ethics complaints are still pending according to Petitioner.

Therefore, because Petitioner has not fully exhausted his state court remedies before proceeding with this federal habeas petition, this matter must be dismissed without prejudice.

### III.   CERTIFICATE OF APPEALABILITY

This Court next must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* For the

reasons discussed above, this § 2254 habeas petition is subject to dismissal without prejudice for failure to exhaust state court remedies as required under 28 U.S.C. § 2254(b)(1)(A).  The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion.  Consequently, a certificate of appealability will not be issued.

## V.   CONCLUSION

For the above reasons, this Court finds that the § 2254 habeas petition must be dismissed without prejudice for non-exhaustion of state court remedies, and that a certificate of appealability will not issue.   An appropriate Order follows.

Date: February 2√ , 2014         _____

CLAIRE C. CECCHI
United State District Judge

7